**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| MICHAEL JAGMIN,<br>Plaintiff | § | Civil Action No. 1:22-cv-247 |
| | § | |
| | § | |
| VS. | § | JURY TRIAL DEMANDED |
| | § | |
| NICHOLAS MILLER, JOSEPH WILSON,<br>JORDAN STRIBLING, BRIAN WHITE,<br>AND CORY LAQUAY,<br>Defendants | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S COMPLAINT**

Plaintiff Michael Jagmin ("Plaintiff" or "Jagmin"), by and through its undersigned counsel, hereby files this Complaint against Defendants Nicholas Miller ("Miller"), Joseph Wilson ("Wilson"), Jordan Stribling ("Stribling"), Brian White ("White"), and Cory La Quay ("La Quay") (collectively referred to as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a complaint for trademark infringement and unfair competition under the Lanham Act, as well as trademark infringement under Texas statutory and common law, against Defendants.

2. Plaintiff is engaged in the business of, *inter alia*, providing musical services, downloadable music, musical performances, and related merchandising (including, but not limited to, T-Shirts) to the consuming public. Intellectual property owned by Plaintiff is protected with federal trademark registrations.

3. Recognizing Plaintiff's success and goodwill, Defendants, individually and collectively, advertise for and provide musical performances and related services at events and festivals under

the same name as Plaintiff's registered trademarks or names that incorporate Plaintiff's registered trademarks in their entirety.

4. In addition, Defendants, individually and collectively, hold themselves out to agents, booking parties, and the consuming public using as Plaintiff's registered trademarks or names that incorporate Plaintiff's registered trademarks in their entirety.

5. Defendants' conduct, individually and collectively, is causing, and unless immediately enjoined, will continue to cause irreparable harm to Plaintiff. Defendants' conduct should be immediately stopped, and Plaintiff should be compensated for Defendants' willful acts.

## THE PARTIES

6. Plaintiff is an individual residing at 1202 Mahogany Lane, Cedar Park, Williamson County, Texas.

7. Defendant Miller is an individual who upon information and belief currently resides in California. Upon information and belief, Miller may be served with process at his place of residence at 55 Applewood Drive, Lodi, California 95242.

8. Defendant Wilson is an individual who upon information and belief currently resides in California. Upon information and belief, Wilson may be served with process at his place of residence at 6909 Crosswoods Circle #134, Citrus Heights, California 95621.

9. Defendant Stribling is an individual who upon information and belief currently resides in California. Upon information and belief, Stribling may be served with process at his place of residence at 114 Trent Drive, Gault, California 95632.

10. Defendant White is an individual who upon information and belief currently resides in California. Upon information and belief, White may be served with process at his place of residence at 5008 Nantucket Street, Roseville, California 95747.

11. Defendant La Quay is an individual who upon information and belief currently resides in California. Upon information and belief, La Quay may be served with process at his place of residence at 2004 Camino Real Way, Roseville, CA 95747.

**JURISDICTION AND VENUE**

12. This is an action for trademark infringement, unfair competition, false designations of origin, and dilution under the Lanham Act (15 U.S.C. §§ 1051 *et seq*.); trademark infringement and unfair competition under Texas statutory and common law.

13. This Court has exclusive subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338.

14. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 which are integrally interrelated to Plaintiff's federal claims and arise from a common nucleus of operative facts, such that the determination of the state law claims with the federal claims furthers judicial economy.

15. This Court has personal jurisdiction over the Defendants because, among other bases, Defendants conduct and/or solicit continuous and systematic business in Texas and this District and derive substantial revenue from products and services provided to persons or entities in Texas and this District, and Defendants' activities in Texas give rise to the claims asserted herein. In addition, Defendants have established minimum contacts with the forum and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

16. Venue is proper in this District under 28 U.S.C § 1391 because, among other things, Plaintiff's claims arise from Defendants' activities within and targeted at this District.

**FACTS RELEVANT TO ALL COUNTS**

17. Plaintiff provides services related to musical performances, concert/festival appearances, downloadable music, and related merchandising (including shirts).

18. On March 27, 2017, Plaintiff filed a trademark application for "a skylit drive" for downloadable music files in international class 9 – trademark application number 87-387,330. This trademark application was registered on November 20, 2018 with Registration Number 5,609,487 ("the '487 Trademark"). Plaintiff is the sole listed applicant and owner of the '487 Trademark. A copy of the '487 Trademark is attached hereto as Exhibit A.

19. On May 10, 2017, Plaintiff filed a trademark application for "A SKYLIT DRIVE" for T-Shirts in international class 25 – trademark application number 87-444,802. This trademark application was registered on October 17, 2017 with Registration Number 5,311,442 ("the '442 Trademark"). Plaintiff is the sole listed applicant and owner of the '442 Trademark. A copy of the '442 Trademark is attached hereto as Exhibit B. The '487 Trademark and the '442 Trademark are collectively referred to herein as "Plaintiff's Marks."

20. Plaintiff has continued to use Plaintiff's Marks since they were registered for the goods listed therein.

21. On information and belief, Defendants, individually, collectively and/or in concert, have utilized their online presences, written and/or videographic advertisements and marketing materials, and/or word of mouth in direct conjunction with goods services confusingly similar and/or identical to those provided by Plaintiff including at least live music performances, digital recordings of musical performances, and digital audio/video.

22. On information and belief, Defendants, individually, collectively and/or in concert, have been using "A Skylit Drive," "OG (Original) A Skylit Drive," and "A Skylit Drive – The

Original Lineup" (collectively, the "Infringing Marks") for services that conflict with those protected Plaintiff's Marks.

23. Defendants' use includes promotion of music and performances on Instagram and other social media using the Infringing Marks and a mark identical to Plaintiff's Marks as seen below:









24. Defendants' use has created occasions of actual confusion between Defendants and Plaintiff related to the services and goods sold by the parties.

25. On February 7, 2022 (after Plaintiff warned Defendants of his rights), counsel for Plaintiff informed each Defendant rights in "a skylit drive" and "A SKYLIT DRIVE" as seen in Plaintiff's Marks and the confusing similarity with Defendants' name and advertising and promotional materials.

26. Notwithstanding these communications, Defendants are still offering goods and services under names identical to or confusingly similar to Plaintiff's Marks.

27. Defendant use of "A Skylit Drive" and the Infringing Marks is confusingly similar to Plaintiff's Marks.

28. Defendants infringe upon Plaintiff's Marks by using terms that are confusingly similar to Plaintiff's Marks to promote and sell the same goods and services as well as related goods and services as are sold by Plaintiff.

29. Defendants' conduct is willful and intentional and has been done with the express knowledge of Plaintiff's extensive open and public trademark use, and after Plaintiff's express notice and demand to cease and desist.

30. Defendants' goods and services are offered in the same geographic markets that Plaintiff currently operates and has operated in continuously.

31. Defendants' use of "A Skylit Drive" and the Infringing Marks has caused, and will likely cause continued confusion as to the origin, sponsorship, or approval of Defendants' goods and services.

## COUNT ONE

**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

32. Plaintiff repeats and realleges the allegations set forth in each of the foregoing paragraphs.

33. As detailed above, Plaintiff owns Plaintiff's Marks which are valid, subsisting, and in full force and effect.

34. Defendants' use of Plaintiff's Marks and the Infringing Marks to advertise and sell directly competing or closely related goods and services violates federal trademark law, 15 U.S.C. § 1114, because it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods and services or commercial activities by Plaintiff.

35. Upon information and belief, Defendants' actions have been willful and deliberate and with full knowledge of Plaintiff's rights in Plaintiff's Marks.

36. Plaintiff has been, and continues to be, irreparably damaged by Defendants' actions, and he has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from their unlawful use of Plaintiff's Marks and the Infringing Marks, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

37. Due to the intentional and bad faith nature of Defendants' actions, this is an exceptional case in which Plaintiff is entitled to treble damages and attorneys' fees pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT TWO

**(Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

38. Plaintiff repeats and realleges the allegations set forth in each of the foregoing paragraphs.

39. As detailed above, Plaintiff owns Plaintiff's Marks which are valid, subsisting, and in full force and effect.

40. Defendants' use of Plaintiff's Marks and the Infringing Marks to advertise and sell directly competing or closely related goods and services violates federal unfair competition and trademark law, 15 U.S.C. § 1125(a), because it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods and services or commercial activities by Plaintiff.

41. Upon information and belief, Defendants' actions have been willful and deliberate and with full knowledge of Plaintiff's rights in Plaintiff's Marks.

42. Plaintiff has been, and continues to be, irreparably damaged by Defendants' actions, and he has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from their unlawful use of Plaintiff's Marks and the Infringing Marks, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

43. Due to the intentional and bad faith nature of Defendants' actions, this is an exceptional case in which Plaintiff is entitled to treble damages and attorneys' fees pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT THREE**

**(Common Law Infringement in Violation of 15 U.S.C. § 1125(a))**

44. Plaintiff repeats and realleges the allegations set forth in each of the foregoing paragraphs.

45. As detailed above, Plaintiff owns Plaintiff's Marks which are valid, subsisting, and in full force and effect, and therefor has exclusive, national rights. Moreover, Plaintiff has common law rights in Plaintiff's Marks via his use throughout the geographic United States, including Texas.

46. Defendants' use of Plaintiff's Marks and the Infringing Marks to advertise and sell directly competing or closely related goods and services causes a likelihood of confusion among the public as to the source, sponsorship, or approval of Defendants goods and services.

47. Defendants' use of Plaintiff's Marks and the Infringing Marks is a deceptive representation as to the source or origin of Defendants' goods and services.

48. Defendants' use of Plaintiff's Marks and the Infringing Marks causes a likelihood of confusion or misunderstanding among the public as to Defendants' affiliation, connection, or association with Plaintiff.

49. Plaintiff has been, and continues to be, irreparably damaged by Defendants' actions, and he has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently cease and desist from their unlawful use of Plaintiff's Marks and the Infringing Marks, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants:

A. Enter an injunction enjoining Defendants, their employees, agents, licensees, servants, subsidiaries and affiliates successors and assigns, and any and all persons in active concert or participation with any of them, from:

   1. Any use of Plaintiff's Marks, including, without limitation, any colorable imitation or confusingly similar variation of "A Skylit Drive," in connection with the promotion, advertising, distribution, or sale of competitive or related goods and services by Defendants;

   2. Engaging in any conduct suggesting or tending to suggest that any good or service promoted, advertised, distributed, or offered for sale by Defendants originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with Plaintiff; and

   3. Conveying the impression to the public through displays, advertising, packaging or otherwise that any good or service offered by Defendants originates from or is directly or indirectly sponsored by, approved by, affiliated with, or connected with Plaintiff;

B. Award Plaintiff his actual damages;

C. Award Plaintiff all profits made by Defendants as a result of Defendants' unlawful conduct;

D. Award Plaintiff his costs of suit and reasonable attorneys' fees;

E. Award Plaintiff enhanced damages pursuant to 15 U.S.C. §117(a);

F. Award any other legal and/or equitable remedies to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. §117(a) and under any other Texas statutory or common law;

G. Award Plaintiff pre-judgment and post-judgment interest; and

H. Award Plaintiff all such other and further relief as this Court or a jury may deem proper and just.

Respectfully submitted,

Dated: March 15,2022

LAW OFFICES OF KEVIN A. KEELING, LLC
*/s/ Kevin A. Keeling*
Kevin A. Keeling
Texas State Bar No. 24060075
16055 Space Center Blvd., Suite 230
Houston, Texas 77062
(713) 589-5646
kevin@keelinglegal.com
ATTORNEY FOR PLAINTIFF, MICHAEL JAGMIN